IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES SCOTT THOMAS, § | | |
| TDCJ-CID NO.1127623, § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. H-09-1150 | |
| § | | |
| BRAD LIVINGSTON, et al., § | | |
| Defendants. § | | |

MEMORANDUM AND ORDER ON DISMISSAL

Plaintiff James Scott Thomas, a state inmate proceeding *pro se* and *in forma pauperis*, has filed a complaint pursuant to 42 U.S.C. § 1983 alleging that he has been denied access to the courts. (Docket Entry No.1). For the reasons to follow, the Court will dismiss his complaint because it is legally frivolous.

BACKGROUND

At the time plaintiff filed the pending complaint in mid-April, 2009, his appeal from the final judgment in Thomas v. Owens, Civil Action No.H-06-1553 (S.D. Tex. Mar. 28, 2008) was pending in the Fifth Circuit Court of Appeals. See Thomas v. Owens, No.08-20299, 2009 WL 2134895 (5th Cir. Jul. 16, 2009) (not designated for publication). Plaintiff had filed a timely brief in Appeal No.08-20299, to which appellees had filed a response; plaintiff had also filed a motion for leave to file an out-of-time reply brief. (Docket Entry No.1); Fifth Circuit website.[1]

In the pending complaint, plaintiff alleges that he has been

---

1 http://coa.circ5.dcn/Viewcase.aspx.

denied access to the courts because he was delayed in filing a reply brief in Appeal No.08-20299 . (Id.). Plaintiff claims that Estelle High Security Unit's Correctional Officers Elizabeth C. Stambaugh, Lisa Harrison, Demetrie Phipps, Regina Kizzee, Gregory Wall, and all unnamed law library staff provided him with incomplete and illegible copies of legal citations and improperly labeled legal material; such malfeaseance required him to request the same material repeatedly, thus causing him to miss the deadline for filing a reply brief in the Court of Appeals. (Id.). Plaintiff indicates that even though administrators Brad Livingston, Vicky Barrow, Alfonso Castillo, and the Estelle High Security Law Library Staff were made aware of such malfeasance, they did not stop the correctional officers from issuing plaintiff illegible legal material with missing pages. (Id.). Plaintiff complained about the defendants' alleged malfeasance through the prison grievance system to no avail. (Id.).

Plaintiff seeks a preliminary and permanent injunction ordering defendants to provide him with legible copies of legal documents and to label correctly the requested legal research material, thereby ensuring his access to the courts. (Id.). He also seeks compensatory and punitive damages. (Id.).

## STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because plaintiff is a prisoner

who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. Haines v. Kerner, 404 U.S. 519 (1972); Alexander v. Ware, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

## DISCUSSION

"It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). *See also* Bounds v. Smith, 430 U.S. 817 (1977); Johnson v. Avery, 393 U.S. 483 (1969).

The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." Jones, 188 F.3d at 325 (citing Lewis v. Casey, 518 U.S. 343, 351 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993); Lewis, 518 U.S. at 351. "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999). However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir. 1992). To prevail on an access-to-the-courts claim, plaintiff must show an " 'actual injury'-that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.' " Lewis, 518 U.S. at 349-51 (citation omitted); Oaks v. Wainwright, 430 F.2d 241 (5th Cir. 1970) (noting that to succeed on a denial-of-access-to-courts claim, the plaintiff must show real detriment such as loss of right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial

4

determination in a proceeding).

The docket sheet in Appeal No.08-20299, reflects that in February 2009, plaintiff filed a motion for leave to file a reply brief out-of-time in the Court of Appeals. <u>Fifth Circuit website.</u> Later that month he filed a motion to file a supplemental brief in the Court of Appeals. <u>Id.</u> No action had been taken on either motion when plaintiff filed the pending civil rights suit in April, 2009. <u>Id.</u> In mid-June, 2009, plaintiff filed a motion to file a second supplemental brief in the Court of Appeals. <u>Id.</u> In mid-July, 2009, the Fifth Circuit Court of Appeals granted plaintiff's motion to file an out-of-time-reply and denied as duplicative his motion to file the same brief as a supplemental brief. <u>Thomas</u>, No.08-20299. The Fifth Circuit also granted his motion for leave to file a second supplemental brief. <u>Id.</u> After addressing plaintiff's claims on the merits, the Fifth Circuit affirmed the district court's judgment. <u>Id.</u>

Because the Fifth Circuit granted plaintiff's motions to file an out-of-time reply brief and a supplemental brief in Appeal No.08-20299, plaintiff was not denied an adequate opportunity to access the courts and he did not suffer an actual injury in a non-frivolous litigation. Plaintiff's claims in the pending complaint, therefore, lack an arguable basis in law. Accordingly, the pending complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

CONCLUSION

Based on the foregoing, the Court enters the following ORDERS:

1. Plaintiff's complaint is DISMISSED, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B). All claims against all defendants are DISMISSED with prejudice.

2. All other pending motions, if any, are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, on October 27, 2009.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE